J-S45022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LATISHA LAWRENCE | |
| Appellant | No. 1421 EDA 2013 |

Appeal from the PCRA Order of May 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007701-2010

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 07, 2014**

Latisha Lawrence appeals the order entered on May 6, 2013, dismissing without a hearing her petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because the record indicates that Lawrence has finished serving her sentence at this time, she is ineligible for relief under the PCRA.  Consequently, we affirm the PCRA court's order denying her PCRA petition.

On March 25, 2011, following a bench trial, Lawrence was found guilty of aggravated assault, simple assault, and recklessly endangering another person.[1]  After the trial court rendered its verdict, Lawrence waived the

_____

[*]     Former Justice specially assigned to the Superior Court.

[1]     18 Pa.C.S. §§ 2702, 2701, and 2705 (respectively).

preparation of a pre-sentence investigation, a mental health evaluation, and an investigation of her prior record score. *See* Notes of Testimony, 3/25/2011, at 68. Lawrence asserted, and the Commonwealth did not dispute, that she had no prior offenses. *Id.* at 67, 69. Immediately after rendering its verdict, the trial court imposed an aggregate sentence of three years' probation. *See* PCRA Court Opinion, 1/8/2014, at 1. The sentence was set to commence as of March 25, 2011. *See* Order of Sentence, Waiver Trial, 3/25/2011. Lawrence did not file a direct appeal of her judgment of sentence. Consequently, her judgment of sentence became final thirty days after its entry, on April 24, 2011. 42 Pa.C.S. § 9543(b)(3) ("[A] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review.")

On May 24, 2011, Lawrence filed a timely *pro se* petition for relief under the PCRA. On or about November 28, 2011, the PCRA court appointed counsel to represent Lawrence. On January 27, 2012, counsel filed an amended PCRA petition and filed a supplement to that petition on September 14, 2012. On April 5, 2013, the Commonwealth filed a motion to dismiss Lawrence's petition. At a May 6, 2013 hearing, the PCRA court dismissed the petition without taking evidence, apparently based upon the court's belief that Lawrence's attorney, who was not present, intended to seek to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 15, 2013, Lawrence filed the instant

- 2 -

notice of appeal.[2]   Counsel for Lawrence asserts that the PCRA court misunderstood his intention, and that counsel intended to appear and seek PCRA relief on Lawrence's behalf.   Thus, Lawrence seeks a remand for an evidentiary hearing.  **See** Brief for Lawrence at 6-9.

The PCRA provides for relief only when the petitioner "pleads and proves by a preponderance of the evidence" that she is "currently serving a sentence of imprisonment, probation or parole" for the underlying crime. 42 Pa.C.S. § 9543(a)(1)(i).  On March 25, 2011, Lawrence was sentenced to an aggregate term of three years' probation.  As of that date, Lawrence had no prior offenses, and Lawrence's probation began immediately.

Lawrence's petition was filed when she had served only two months of her three-year sentence.   However, after numerous extensive delays, at least some of them evidently occasioned by the PCRA court, the order resolving her PCRA petition was entered on May 6, 2013, and she filed her notice of appeal on May 15, 2013, well over one year ago.   However, the record indicates, and Lawrence does not dispute, that her probation terminated on or about March 25, 2014.   Consequently, this Court lacks jurisdiction to review the instant appeal.  **See Commonwealth v. Turner**,

---

[2]   On June 12, 2013, the PCRA court filed an order directing Lawrence to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, Lawrence had already filed her Rule 1925(b) statement on June 7, 2013.  The trial court did not file its Rule 1925(a) opinion until January 8, 2014, approximately six months later.

80 A.3d 754, 765-66 (Pa. 2013) (holding that "individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence," under the PCRA or in state or federal *habeas corpus* proceedings). Consequently, as of this writing Lawrence's eligibility for relief under the PCRA has expired. ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) ("[T]he denial of relief for a petitioner who has finished serving his sentence is required by [the PCRA]. To be eligible for relief a petition must be *currently* serving a sentence of imprisonment, probation or parole.").

This was not the case when the PCRA court dismissed Lawrence's petition, allegedly based upon an misunderstanding. But it is the case now, and this precludes this Court from granting her the relief she seeks. "[T]his Court may affirm a decision of the trial court if there is any basis on the record to support the trial court's actions, even if we rely on a different basis." ***Commonwealth v. Moser***, 999 A.2d 602, 606 n.5 (Pa. Super. 2010). In this case, we must do exactly that.

Order affirmed.

Bowes, J. joins the memorandum.

Fitzgerald, J. did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014